```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SHAUN BOYD,

                    Plaintiff,

        -against-                        ORDER
                                         12-CV-5551(JS)(GRB)
SUFFOLK COUNTY, POLICE DEPARTMENT,
WILLIAM HUDSON JR., Det. # 1259,
JAMES E. JOSEPHSON, P.O. #4003,
WILLIAM J. HOUST, P.O. #5878,
R. THOMAS CAIN, Sgt. # 516,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Shaun Boyd, pro se
                    321650
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, New York 11901

For Defendants:     No Appearances
```

SEYBERT, District Judge:

By Order dated January 7, 2013, the undersigned granted the application of incarcerated pro se plaintiff Shaun Boyd ("Plaintiff") to proceed in forma pauperis but sua sponte dismissed his civil rights Complaint brought pursuant to 42 U.S.C. § 1983 ("Section 1983"). Plaintiff was afforded leave to file an Amended Complaint against William Hudson, Jr., Det. #1259 ("Det. Hudson"), James E. Josephson, P.O. #4003 ("P.O. Josephson"), William J. Houst, P.O. #5878 ("P.O. Houst"), R. Thomas Cain, Sgt. #516 ("Sgt. Cain"). On January 29, 2013, Plaintiff filed an Amended Complaint against Det. Hudson, P.O. Josephson, P.O. Houst, and Sgt. Cain. Plaintiff also now names Suffolk County ("the County") and the

Suffolk County Police Department ("the Police Department") as Defendants in the Amended Complaint. Because the Police Department is merely an administrative arm of the County without an independent legal identity, it lacks the capacity to be sued. See, e.g., Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) ("[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued."); see also In re Dayton, 786 F. Supp. 2d 809, 818 (S.D.N.Y. 2011); Hawkins v. Nassau Cnty. Corr. Facility, 781 F. Supp. 2d 107, 109 at n. 1 (E.D.N.Y. 2011). Accordingly, the claims against the Police Department are not plausible and are thus DISMISSED pursuant to 28 U.S.C. ¶¶ 1915(e)(2)(B) and 1915A.

Though thin, the Court declines to dismiss the Plaintiff's remaining Section 1983 claims as set forth in his Amended Complaint sua sponte. Accordingly, the Court respectfully requests that the Clerk of the Court issue a summons for each Defendant named in the Amended Complaint other than the Police Department. The Clerk shall forward copies of the summonses, the Amended Complaint, and this Order to the United States Marshal Service for service upon the Defendants without prepayment of fees.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of

any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February 11, 2013
Central Islip, New York

3