FILED
CLERK
1/13/2016 3:14 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SHAUN BOYD,

           Plaintiff,

   -against-

WILLIAM HUDSON, et al.,
         Defendants.
----------------------------------------------------------------X

**ORDER**
12-CV-5551 (JMA)(GRB)

**AZRACK, United States District Judge:**

    On January 6, 2015, Judge Seybert issued a Notice of Impending Dismissal outlining the history of this case and requesting a response from plaintiff as to why this case should not be dismissed for failure to prosecute. The notice was returned as undeliverable and the Suffolk County Attorney was directed to forward the notice to plaintiff at his last known address. On February 9, 2015, defendants filed an Affidavit of Service serving plaintiff at Mid-State Correctional Facility. (ECF No. 25.) On January 16, 2015, this case was transferred to me from Judge Seybert.

    On November 2, 2015, Magistrate Judge Brown issued a Status Report Order and Second Notice of Impending Dismissal for Failure to Prosecute the Action. That order directed plaintiff to inform the Court within fifteen days, in writing, as to the status of the case. The order warned that failure to do so may result in a Report and Recommendation to dismiss the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). On January 6, 2015, defendants filed an Affidavit of Service after serving the order upon plaintiff at Suffolk County Correctional Facility. Plaintiff has yet to respond to that order.

    Rule 41(b) provides, in pertinent part, "for failure of the plaintiff to prosecute or to

comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case sua sponte for lack of prosecution or noncompliance. Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five factors when reviewing a district court's order of dismissal for failure to prosecute, including: (1) the duration of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the court struck the appropriate balance between alleviating the court calendar with protecting the plaintiff's right to due process; and (5) whether the judge adequately assessed the efficacy of lesser sanctions. Shannon v. G.E. Co., 186 F.2d 186, 193 (2d Cir. 1999). Generally, no single factor is dispositive. Id.

Here, over three years have elapsed since plaintiff first filed his complaint. Plaintiff has twice failed to respond to directives from the Court ordering plaintiff to show cause as to why this case should not be dismissed for failure to prosecute. The Court warned plaintiff that failure to respond could result in the dismissal of the case. Plaintiff's failure to comply with the Court's orders further constitutes grounds for dismissal. Accordingly, plaintiff's claims are dismissed for failure to prosecute and noncompliance.

**SO ORDERED.**

Date: January 13, 2016
      Central Islip, New York

                                                               _____/s/ (JMA)_____
                                                                Joan M. Azrack
                                                                United States District Judge